# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **BRYANT MOTORS, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | 5:06-CV-353 (CAR) |
| **BLUE BIRD BODY COMPANY,** | : | |
| Defendant. | : | |

## *ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Currently before the Court is Plaintiff Bryant Motors, Inc.'s ("Bryant") Motion for Reconsideration [Doc. 31]. In its motion, Bryant requests that the Court reconsider the portions of its Order dated June 25, 2007, [Doc. 28] ("Order") vacating the $500,000 award of interest to Bryant and declining to impose sanctions against Defendant Blue Bird Body Company ("Blue Bird"). Bryant argues that the Court misconstrued the $500,000 award of interest as *post-award* interest when, in fact, the arbitration panel (the "Panel") awarded the $500,000 as *pre-award* interest; thus, this portion of the arbitration award should not be vacated. Furthermore, Bryant argues that the Court should reconsider its decision not to impose sanctions against Blue Bird. After careful consideration of the arguments and the relevant law, the Court agrees that the $500,000 award of interest should not be vacated but remains unwilling to impose sanctions against Blue Bird. Thus, Plaintiff's Motion for Reconsideration is **GRANTED in part and DENIED in part**.

# BACKGROUND[1]

Bryant initiated this action seeking confirmation of the arbitration award (the "Award") issued in the underlying arbitration proceeding between Bryant and Blue Bird. Via cross-petition, Blue Bird sought to vacate the Award. In response to Blue Bird's motion to vacate, Bryant moved this Court to impose sanctions against Blue Bird. In its Order, this Court affirmed all portions of the Award except the award of $500,000 the Panel labeled as "pre-judgment interest." Also in its Order, the Court declined to impose sanctions, finding that Blue Bird's arguments in its motion to vacate the Award were neither frivolous nor without legal basis.

Bryant now moves the Court to reconsider its decision to vacate the $500,000 award of interest and its decision not to impose sanctions.

# DISCUSSION

## I. Standard for Reconsideration

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders. Brogdon v. National Healthcare Corporation, 103 F. Supp. 1322, 1338 (N.D. Ga. 2000). Such a motion, however, "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon, 103 F. Supp. at 1338 (citing McCoy v. Macon Water

---

[1] For a complete factual background of this case, refer to this Court's Order dated June 25, 2007 [Doc. 28].

Auth., 966 F. Supp. 1209, 1222 (M.D. Ga.1997); Paper Recycling v. Amoco Oil Co., 856 F. Supp. 671, 678 (N.D. Ga.1993)). Rather, appropriate grounds for reconsideration include: (1) intervening change in controlling law, (2) availability of new evidence, and (3) a need to correct clear error or prevent manifest injustice. See Estate of Pidcock v. Sunnyland America, Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).

Reconsideration of a previous order is "an extraordinary measure and should be applied sparingly in the interests of finality and conservation of scarce judicial resources." Scelta v. Delicatessen Support Services, Inc., 89 F. Supp. 1311, 1320 (M.D. Fla. 2000) (cite omitted). Nevertheless, a district court, in the exercise of its own discretion, may reconsider or readdress any order prior to the entry of final judgment. See Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995).

## II.    $500,000 Award of Interest

Preliminarily, the Court notes that there are three different types of interest Bryant is entitled to receive in this case, and each type accrues at a different point in the litigation. First, Bryant is entitled to receive *pre-award interest*, which is the interest accrued on the damages awarded for Blue Bird's breach of contract. Second, Bryant is entitled to receive *post-award, pre-judgment interest*, which is the interest that accrues on the portion of the Award Blue Bird did not pay from the date the Panel rendered the Award (or "post-award") up until the date this Court enters final judgment confirming the Award (or "pre-judgment"). Finally, Bryant may receive *post-judgment interest*, which is the interest that accrues on any portion of the Award Blue Bird does not pay after the date this Court enters

final judgment (hence, "post-judgment").

In its prior Order, the Court vacated the Panel's $500,000 award of "pre-judgment interest." Based on the Panel's label of the award as "pre-judgment interest," the Court construed such award as post-award, pre-judgment interest, not pre-award interest, and therefore incorrectly awarded.[2] After consideration of Bryant's arguments, however, the Court finds it mistakenly construed the $500,000 award as post-award, pre-judgment interest. Instead, the Court agrees that the Panel correctly awarded such amount as pre-award interest – that is, as interest on the damages awarded for Blue Bird's breach of contract. Thus, the Court VACATES the portion of its Order vacating the arbitration award of $500,000 in interest.

### III. Interest Rates to be Applied to any Unpaid Portions of the Award

Having found that the Panel correctly awarded the $500,000.00 as pre-award interest on the damages awarded for Blue Bird's breach of contract, the Court must now address the interest rates applicable to the remaining two types of interest Bryant is entitled to receive – post-award, pre-judgment interest and post-judgment interest. As explained below, the rate applicable to post-award, pre-judgment interest differs from the rate applicable to post-judgment interest.

Bryant is "presumptively entitled to post-award, pre-judgment interest." Lewis

---

[2] The Court found that the Panel exceeded its authority in awarding a fixed-sum amount, $500,000, as the post-award, pre-judgment interest on any unpaid portions of the Award. (See Order, pp. 12-13.)

v. Haskell Co., Inc., 304 F. Supp. 2d 1347, 1350 (M.D. Ala. 2004); see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshuttle GmbH, 141 F.3d 1434, 1446-47 (11th Cir. 1998) ("[P]rejudgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his, and absent any reason to the contrary, it should normally be awarded when damages have been liquidated by [an arbitration award].") (internal quotations omitted). The applicable interest rate depends on the Court's jurisdiction. Because the Court has jurisdiction over this case based on diversity of citizenship, the post-award, pre-judgment interest rate is set by state law. See Lewis, 304 F. Supp. 2d at 1350. Under Georgia law, "the legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by written contract." O.C.G.A. § 7-4-2(a)(1)(A). Thus, Bryant is entitled to interest bearing at a rate of seven (7) percent per annum in accordance with O.C.G.A. § 7-4-2(a)(1)(A) on any portion of the Award Blue Bird did not pay from the date the Panel entered the Award until the date this Court enters final judgment.

It is also appropriate for Bryant to receive post-judgment interest on any unpaid portion of the Award after final judgment is entered, pursuant to 28 U.S.C. § 1961. Unlike post-award, pre-judgment interest, the rate of post-judgment interest is controlled by federal law. See G.M. Brod & Co., Inc. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985). Thus, any portion of the Award Blue Bird does not pay after the date final judgment is entered in this case shall bear interest at the rate specified by 28 U.S.C. § 1961(a).

## IV. Sanctions

Plaintiff also moves to have this Court reconsider its denial to impose sanctions against Blue Bird. However, as it found earlier, the Court does not find that Blue Bird's arguments in this case were either frivolous or without legal basis. Thus, the Court does not find sanctions appropriate.

## CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Reconsideration [Doc. 31] is **GRANTED in part** and **DENIED in part**. The Court hereby VACATES the portion of its Order dated June 25, 2007 [Doc. 28], to the extent it vacates the award of $500,000.00 in interest. Furthermore, the Court MODIFIES its Order to provide that post-award, pre-judgment interest shall accrue at a rate of 7 percent per annum as provided in O.C.G.A. § 7-4-2(a)(1)(A), while post-judgment interest shall accrue at the rate specified by 28 U.S.C. § 1961(a). All other portions of the Court's Order remain unchanged.

Thus, Plaintiff's Petition to Confirm Arbitration Award [Doc. 1] is GRANTED, and Defendant's Motion to Vacate Arbitration Award [Doc. 7] is DENIED. Plaintiff's Motion for Sanctions [Doc. 22] remains DENIED.

The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this 22nd day of August, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
United States District Judge

SSH