IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRYANT MOTORS, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | 5:06-CV-353 (CAR) |
| **BLUE BIRD BODY COMPANY,** | : | |
| Defendant. | : | |

*ORDER ON DEFENDANT'S MOTION FOR ENTRY OF SATISFACTION OF JUDGMENT AND RELEASE OF SURETY BOND*

Currently before the Court is Defendant Blue Bird Body Company's ("Blue Bird") Motion for Entry of Satisfaction of Judgment and Release of Surety Bond [Doc. 53]. In its Motion, Blue Bird requests that this Court declare it has satisfied the amended judgment in this case. After careful consideration of the arguments and the relevant law, the Court finds that Blue Bird has satisfied the amended judgment in part. Thus, Blue Bird's Motion is **GRANTED in part** and **DENIED in part**.

### BACKGROUND[1]

On August 26, 2006, the arbitration panel made an award (the "Award") in the dispute between Plaintiff Bryant Motors, Inc. ("Bryant") and Blue Bird in which the following monetary relief was awarded against Blue Bird and in favor of Bryant:

Lost Profits:    $3,000,000.00

---

[1] For a complete factual background of this case, refer to this Court's Order dated June 25, 2007 [Doc. 28].

|                      |              |
|----------------------|--------------|
| Pre-Award Interest:  | $500,000.00  |
| Litigation Expenses: | $381,289.20  |
| Arbitration Fees:    | $50,498.91   |
| TOTAL                | $3,931,788.11|

See Arbitration Award [Doc. 8, Ex. A thereto, pp. 24-26].

Subsequently, Bryant filed this action to confirm the Award, and Blue Bird responded by filing a motion to vacate the Award. On June 25, 2007, this Court entered an Order confirming the Award in part and vacating the Award in part. See Order on Defendant's Motion to Vacate Arbitration Award and Plaintiff's Motion for Sanctions [Doc. 28]. Specifically, as part of its Order, the Court confirmed the $3,000,000.00 award of lost profits but vacated the arbitrators' award of $500,000.00 of pre-award interest. Thereafter, on June 26, 2007, judgment was entered consistent with that Order. Bryant, however, filed a Motion for Reconsideration, which the Court granted, thereby reinstating the $500,000.00 award in pre-award interest. Thus, on August 23, 2007, the Amended Judgment was entered reinstating the $500,000.00 award of pre-award interest.

In its Order on the Motion for Reconsideration, the Court clarified that Bryant was entitled to receive three types of interest: (1) Pre-Award Interest (the $500,000.00 interest on the damages the arbitration panel awarded for Blue Bird's breach of contract); (2) Post-Award, Pre-Judgment Interest bearing at a rate of seven percent per annum in accordance with Georgia state law; and (3) Post-Judgment interest bearing the rate specified under Federal law, 28 U.S.C. § 1961(a), which was determined to be 4.44% per annum.

Thereafter, Blue Bird filed an appeal from this Court's judgment, as amended. Pursuant to a settlement agreement, however, Blue Bird dismissed its appeal. As part of the settlement

agreement, Blue Bird agreed to pay the full amount of the judgment plus an additional $125,000.00. On January 7, 2009, Blue Bird transferred to Bryant the sum of $4,472,453.81. This sum represents the following:

| | |
|---|---|
| Lost Profit: | $3,000,000.00 |
| Pre-Award Interest: | $500,000.00 |
| Litigation Expenses: | $381,289.20 |
| AAA Fees: | $50,498.91 |
| Post-Award, Pre-Judgment Interest: | $182,307.87 |
| Post-Judgment Interest: | $233,357.83 |
| Per Settlement Agreement: | $125,000.00 |
| TOTAL: | $4,472,453.81 |

Bryant objects to Blue Bird's calculations. Bryant believes Blue Bird owes them a total of $4,565,424.06, a difference of approximately $93,000.00. Bryant states that Blue Bird owes $252,603.92, not $182,307.87, in Post-Award, Pre-Judgment Interest, and $256,032.03, not $233,357.83, in Post-Judgment Interest. In calculating these figures, the parties disagree over three areas: (1) The appropriate date of judgment: Blue Bird uses June 26, 2007, the date the original judgment was entered, as the date of judgment, while Bryant uses August 23, 2007, the date the amended judgment was entered, as the date of judgment; (2) Whether Bryant may receive Post-Award, Pre-Judgment Interest on the $500,000.00 award of Pre-Award Interest: Blue Bird does not include the $500,000.00 in its calculations of Post-Award, Pre-Judgment Interest, while Bryant does include such figure; and (3) Whether Bryant may receive Post-Judgment Interest on the $500,000.00 Pre-Award Interest and the post-award, pre-judgment interest amount: Again, Blue Bird does not

include the $500,000.00 or any amount for post-award, pre-judgment interest in its calculations of Post-Judgment Interest, while Bryant does include such figure.

Because the parties dispute the correct amount due under the judgment, Blue Bird filed the Motion at bar asking this Court to deem its payment a satisfaction of the judgment in this case and to release Blue Bird from the surety bond. Bryant, on the other hand, asks this Court to order Blue Bird satisfy the judgment in accordance with its calculations.

## DISCUSSION

Appropriate Date of Judgment

The first issue this Court must decide is the appropriate date of judgment. It is on that date that the award of pre-award, pre-judgment interest ends, and the award of post-judgment interest begins. Because those rates of interest differ, the determination of the date of judgment is critical in calculating the amount due under the judgment.

The Court finds that the appropriate date of judgment is June 26, 2007, the date the Clerk entered the original judgment. It is apparent to this Court that the interest calculation relates back to the date of the original judgment, not the date of any amended judgment. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1052 (11th Cir. 1994) (judgment date for calculating interest was the date of the district court's original order entering final judgment in favor of the prevailing party on the merits); Georgia Ass'n of Retarded Citizens v. McDaniel, 855, F.2d 794, 799 (11th Cir. 1988) ("Where, as here, an award of costs is modified by the district court, interest on the revised award should run from the date of the original award 'because that is the date on which the correct judgment should have been entered.'") (citation omitted); Lane v. Capital Acquisitions and Mgmt. Co., 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) (post-judgment interest

4

calculation related back to the date the district court entered the original judgment not the date of the amended judgment).

Post-Award, Pre-Judgment Interest on Pre-Award Interest

Next, the Court finds that Bryant cannot recover any post-award, pre-judgment interest on the pre-award interest of $500,000.00. Here, Georgia state law determines the granting of post-award, pre-judgment interest. See SEB v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir. 2007) ("In a diversity case we follow the state law governing the award of prejudgment interest." (citing Royster v. Union Carbide Corp., 737 F.2d 941, 948 (11th Cir. 1984)); Lewis v. Haskell Co. Inc., 304 F. Supp. 2d 1347, 1351 (N.D. Ala. 2004). Georgia law does not allow the granting of "interest on interest." O.C.G.A § 9-12-10 provides as follows:

> In all cases where judgment is obtained, the judgment shall be entered for the principal sum due, with interest, provided the claim upon which it was obtained draws interest. No part of the judgment shall bear interest except the principal which is due on the original debt.

This statute "forbids post-judgment interest except on the principal or original debt and expressly excludes pre-judgment interest, where authorized, to be included in the amount used to compute post-judgment interest." Dept. of Transp. v. Consolidated Equities Corp., 181 Ga. App. 672, 677 (1987). Thus, applying Georgia law, as the Court must in this case, any calculation of post-award, pre-judgment interest should not include the pre-award interest.

Post-Judgment Interest on Pre-Award Interest and Post-Award, Pre-Judgment Interest

The Court does find, however, that Bryant is entitled to recover post-judgment interest on the entire amount of the judgment, including pre-award interest and post-award, pre-judgment interest. In awarding post-judgment interest in a diversity case, a district court looks to federal law, applying the federal interest statute, 28 U.S.C. § 1961(a), not the state interest statute applied for

5

determining prejudgment interest. See Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 572 n. 4 (11th Cir. 1991) (citing G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985)). Pursuant to § 1961(a), post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Unlike pre-judgment interest, which "forms part of the actual amount of a judgment on a claim," post-judgment interest "serves to reimburse the claimant for not having received the money in hand on that day." FIGA v. R.V.M.P. Corp., 874 F.2d 1528, 1533 (11th Cir. 1989). Thus, Bryant is entitled to post-judgment interest on the entire amount of the final judgment. Ins. Co. of N. Am., 937 F.2d at 572 n. 4 ("Lexow is entitled to postjudgment interest under section 1961(a) on the entire judgment entered in this case," (citing Bank S. Leasing, Inc. v. Williams, 778 F.2d 704, 706 (11th Cir. 1985)); FIGA, 874 F.2d at 1533 ("The insured is, however, entitled to post-judgment interest on any final judgment entered in the insured's favor."); Hudson v. Chertoff, 484 F. Supp. 2d 1275, 1276 (S.D. Fla. 2007) ("Post-judgment interest will accrue on all of the damages awarded in the Final Judgment," which included pre-judgment interest."); Zunde v. Int'l Paper Co., 2000 WL 1763843, *6, 10 (M.D. Fla. 2000) ("A party that is entitled to post judgment interest received it on the entire amount awarded.").

Bryant's procedural attacks against Blue Bird's Motion are without merit. This Court retains the ability to determine when its judgment has been satisfied.

## CONCLUSION

In accordance with the foregoing, Blue Bird's Motion for Entry of Satisfaction of Judgment and Release of Surety Bond [Doc. 53] is **GRANTED in part** and **DENIED in part**. Once Blue Bird satisfies the Judgment in this case in accordance with this Order, it shall be released from the surety bond.

**SO ORDERED** this 22nd day of June, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH